

DAB

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-60-1H(2)
NO. 7:16-CR-60-2H(2)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | INDICTMENT |
| WILLIAM ROBERT CANUPP ) | |
| RONNIE L DAVIS ) | |

The Grand Jury charges that:

## INTRODUCTION

I. <u>PURPOSE OF THE SCHEME TO DEFRAUD AND TO COMMIT BRIBERY</u>

1. From in or around March 2010, and continuing through in or around April 2013, in the Eastern District of North Carolina, defendants WILLIAM ROBERT CANUPP ("CANUPP") and RONNIE L DAVIS ("DAVIS") participated in a scheme and artifice to defraud and obtain property through false pretenses, representations, and promises from a company that facilitates and manages mental health care ("Company 1").

2. CANUPP also solicited and received bribes from DAVIS, intending to be influenced and rewarded in connection with providing renovation work with Company 1 to DAVIS.

II. <u>THE SCHEME TO DEFRAUD AND COMMIT BRIBERY</u>

3. During this time period, CANUPP was the Chief Financial Officer for Company 1. In this position, CANUPP had responsibility over the finances of Company 1. He also approved

invoices and hired contractors to conduct renovations of Company 1's facilities.

4. Company 1 is the local manager of the public sector behavioral health system for several counties in eastern North Carolina. It contracts with the North Carolina Department of Health and Human Services (DHHS) to manage the delivery of mental health and other services and receives a large amount of funding from DHHS. From 2010 to 2013, it also received well over $10,000 each year in federal funding from the United States Department of Housing and Urban Development, part of the Executive Branch of the United States Government.

5. From March 2010 to April 2013, Company 1 paid DAVIS $979,100 in checks based on invoices in his name for renovation jobs done at Company 1's Beulaville and Kenansville facilities, including framing, drywall, painting, and flooring. DAVIS or CANUPP submitted each invoice on behalf of DAVIS. CANUPP personally approved many of the invoices for payment. CANUPP had also selected DAVIS to perform this work for Company 1.

6. From 2010 to 2013, DAVIS had a full-time job that paid him a salary that averaged approximately $34,500 annually. The contracting work he did for Company 1 was done at night and on weekends.

2

7. From March 2010 to April 2013, DAVIS paid CANUPP $543,300 from the funds he had received from Company 1.

8. Many of DAVIS' invoices were fraudulent because they sought payment for work DAVIS had supposedly performed or for supplies he was supposedly purchasing. In reality, these false invoices were being used in whole or in part to obtain money to write checks to CANUPP.

9. DAVIS submitted these fraudulent invoices and made these payments so that CANUPP would continue to provide him the lucrative work with Company 1.

10. CANUPP did not require DAVIS to submit bids or sign written contracts for the work that DAVIS did for Company 1. CANUPP did not even have anyone check or approve DAVIS' work. DAVIS was only required to write large checks to CANUPP from money provided by Company 1.

11. CANUPP did not use the money DAVIS gave him to benefit Company 1, instead spending much of it for his own personal use, including the purchase of an over $80,000 boat, mortgage payments for a house near the beach, personal credit card payments, and investments into his wife's business.

12. The checks DAVIS wrote to CANUPP had no legitimate business purpose for Company 1 and came directly from funds that

3

Company 1 intended to be used for renovations by DAVIS. In reality, these funds were fraudulently obtained by DAVIS and CANUPP and provided to CANUPP for his personal use.

13. DAVIS provided these checks to CANUPP in exchange for CANUPP giving him work with Company 1.

14. CANUPP also received $34,295 in checks from another contractor with the initials R.W.

15. In March 2010, CANUPP gave R.W. a check from Company 1 dated March 10, 2010, for $5,300. CANUPP told R.W. that he accidently used his personal credit card to purchase laminate flooring previously used on one of R.W.'s jobs. CANUPP instructed R.W. to deposit the check and write a check from his personal account, payable to CANUPP, for the same amount. R.W. did so.

16. In February 2011, Canupp gave R.W. a check for $19,000 dated February 25, 2011. CANUPP said the payment was for labor and materials for a laminate flooring job for Company 1. A few days after depositing the $19,000 check, CANUPP telephoned R.W. and said the job had been canceled. At CANUPP'S direction, R.W. reimbursed the $19,000 with two checks written to CANUPP personally, not Company 1.

17. In July 2011, CANUPP brought R.W. a check for $15,000 from Company 1. R.W. wrote a check to CANUPP personally for $9,995 of this money after being told by CANUPP to keep $5,000.

18. CANUPP did not use the funds he received from R.W. for any legitimate business purpose for Company 1, instead taking the money for his personal use.

## COUNT 1
**Conspiracy to Commit Federal Program Fraud and Wire Fraud**
**18 U.S.C. § 371**

Paragraphs 1 through 13 of the Introduction are incorporated herein by reference.

Beginning in or around March 2010 and continuing through in or around April 2013, in the Eastern District of North Carolina, Defendants WILLIAM ROBERT CANUPP and RONNIE L DAVIS did unlawfully and knowingly combine, conspire, confederate, and agree among themselves and others to commit offenses against the United States as follows:

  A. <u>Federal Program Fraud</u>. As an agent of Company 1, a mental health care company headquartered in Beulaville, North Carolina ("Company 1"), which received federal assistance in excess of $10,000 each year at all times material to this indictment, including 2010 to 2013, embezzling, stealing,

5

obtaining by fraud, and intentionally misapplying property worth at least $5,000 and owned by Company 1, namely funds that Company 1 was told were payments to Defendant RONNIE L DAVIS for contracting work done to Company 1's facilities but which DAVIS actually paid to Defendant CANUPP, in violation of Title 18, United States Code, Section 666; and

B. <u>Wire Fraud</u>. Having devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme, causing to transmit in interstate commerce, by means of wire communications, certain signals, that is transmissions of documentation by RBC Bank and PNC Bank to process checks written by RONNIE L DAVIS to WILLIAM ROBERT CANUPP and to effectuate the transfer of money from DAVIS's account to be deposited into CANUPP's account at State Employee's Credit Union, for the purpose of executing, and attempting to execute, the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

6

Case 7:16-cr-00060-H   Document 1   Filed 05/24/16   Page 6 of 17

In furtherance of the conspiracy and to promote its unlawful objects, the defendants committed and caused to be committed overt acts in the Eastern District of North Carolina, including but not limited to:

a. DAVIS and CANUPP submitted invoices in the name of DAVIS to Company 1 so the payments could be used in whole or in part to make payments to CANUPP, each invoice constituting a separate overt act.

b. CANUPP approved the invoices submitted in DAVIS' name to Company 1 so the payments could be used in whole or in part to make payments to CANUPP, each approval constituting a separate overt act.

c. DAVIS wrote and delivered checks to CANUPP using the money he received from Company 1, each check and delivery constituting a separate overt act.

d. CANUPP deposited the checks he received from DAVIS, each deposit constituting a separate overt act.

e. CANUPP spent the money he received from DAVIS, each expenditure constituting a separate overt act.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 14
### Soliciting and Accepting a Bribe of More than $5,000
### 18 U.S.C. § 666(a)(1)(B)
### [CANUPP Only]

Paragraphs 1 through 13 of the Introduction are incorporated herein by reference.

At all times material to this indictment, for each one-year period beginning on or about each date set forth below and continuing for a one year period thereafter, a mental health care company headquartered in Beulaville, North Carolina ("Company 1") received federal assistance in excess of $10,000.

Defendant WILLIAM ROBERT CANUPP was an agent of Company 1, holding the position of Chief Financial Officer and exercising responsibilities over the finances of Company 1, as well as contracting for renovations.

On or about each date set forth below, in the Eastern District of North Carolina, Defendant WILLIAM ROBERT CANUPP did corruptly solicit, demand, and accept a thing of value from Ronnie L Davis, namely a check for each amount identified below, intending to be influenced and rewarded in connection with a transaction and series of transactions of Company 1 involving $5,000 or more:

| Count | Date | Check |
|-------|------|-------|
| 2 | 11/22/2010 | $23,000 |
| 3 | 12/23/2010 | $15,000 |
| 4 | 1/21/2011 | $10,000 |

8

| 5 | 2/17/2011 | $75,000 |
|---|---|---|
| 6 | 3/28/2011 | $55,000 |
| 7 | 5/25/2011 | $30,000 |
| 8 | 7/8/2011 | $40,000 |
| 9 | 10/27/2011 | $27,000 |
| 10 | 1/19/2012 | $27,000 |
| 11 | 4/16/2012 | $30,000 |
| 12 | 7/5/2012 | $48,000 |
| 13 | 12/20/2012 | $38,000 |
| 14 | 4/24/2013 | $38,000 |

Each entry constituting a separate violation of Title 18, United States Code Section 666(a)(1)(B).

### COUNTS 15 THROUGH 24
### Paying a Bribe of More than $5,000
### 18 U.S.C. § 666(a)(2)
### [DAVIS Only]

Paragraphs 1 through 13 of the Introduction are incorporated herein by reference.

At all times material to this indictment, for each one-year period beginning on or about each date set forth below and continuing for a one year period thereafter, a mental health care company headquartered in Beulaville, North Carolina ("Company 1") received federal assistance in excess of $10,000.

William Robert Canupp was an agent of Company 1, holding the position of Chief Financial Officer and exercising responsibilities over the finances of Company 1, as well as contracting for renovations.

9

On or about each date set forth below, in the Eastern District of North Carolina, Defendant RONNIE L DAVIS did corruptly give a thing of value to William Robert Canupp, namely a check for each amount identified below, intending to influence and reward CANUPP in connection with a transaction and series of transactions of Company 1 involving $5,000 or more:

| Count | Date | Check |
|---|---|---|
| 15 | 2/17/2011 | $75,000 |
| 16 | 3/28/2011 | $55,000 |
| 17 | 5/25/2011 | $30,000 |
| 18 | 7/8/2011 | $40,000 |
| 19 | 10/27/2011 | $27,000 |
| 20 | 1/19/2012 | $27,000 |
| 21 | 4/16/2012 | $30,000 |
| 22 | 7/5/2012 | $48,000 |
| 23 | 12/20/2012 | $38,000 |
| 24 | 4/24/2013 | $38,000 |

Each entry constituting a separate violation of Title 18, United States Code Section 666(a)(2).

### COUNTS 25 THROUGH 34
### Organization Fraud and Aiding and Abetting
### 18 U.S.C. § 666(a)(1)(A) and § 2
### [CANUPP and DAVIS]

Paragraphs 1 through 13 of the Introduction are incorporated herein by reference.

At all times material to this indictment, for each one-year period beginning on or about each date set forth below and continuing for a one year period thereafter, a mental health

10

care company headquartered in Beulaville, North Carolina ("Company 1") received federal assistance in excess of $10,000.

Defendant WILLIAM ROBERT CANUPP was an agent of Company 1, holding the position of Chief Financial Officer and exercising responsibilities over the finances of Company 1, as well as contracting for renovations.

On or about each date set forth below, in the Eastern District of North Carolina, Defendant WILLIAM ROBERT CANUPP, aided and abetted by RONNIE L DAVIS, embezzled, stole, obtained by fraud, and intentionally misapplied property worth at least $5,000 and owned by Company 1, namely funds that Company 1 was told were payments to Defendant RONNIE L DAVIS for contracting done to Company 1's facilities but which Defendant RONNIE L DAVIS actually took and paid to Defendant WILLIAM ROBERT CANUPP in each check identified below:

| Count | Date | Check |
|---|---|---|
| 25 | 2/17/2011 | $75,000 |
| 26 | 3/28/2011 | $55,000 |
| 27 | 5/25/2011 | $30,000 |
| 28 | 7/8/2011 | $40,000 |
| 29 | 10/27/2011 | $27,000 |
| 30 | 1/19/2012 | $27,000 |
| 31 | 4/16/2012 | $30,000 |
| 32 | 7/5/2012 | $48,000 |
| 33 | 12/20/2012 | $38,000 |
| 34 | 4/24/2013 | $38,000 |

Each entry constituting a separate violation of Title 18, United States Code Section 666(a)(1)(A) and Section 2.

## COUNTS 35 THROUGH 37
### Organization Fraud and Aiding and Abetting
### 18 U.S.C. § 666(a)(1)(A) and § 2
### [CANUPP Only]

Paragraphs 1 through 18 of the Introduction are incorporated herein by reference.

At all times material to this indictment, for each one-year period beginning on or about each date set forth below and continuing for a one year period thereafter, a mental health care company headquartered in Beulaville, North Carolina ("Company 1") received federal assistance in excess of $10,000.

Defendant WILLIAM ROBERT CANUPP was an agent of Company 1, holding the position of Chief Financial Officer and exercising responsibilities over the finances of Company 1, as well as contracting for renovations.

On or about each date set forth below, in the Eastern District of North Carolina, Defendant WILLIAM ROBERT CANUPP, embezzled, stole, obtained by fraud, and intentionally misapplied property worth at least $5,000 and owned by Company 1, namely funds that Company 1 was told were payments to a contractor with the initials R.W. for contracting done to

12

Company 1's facilities but which R.W. actually paid to Defendant WILLIAM ROBERT CANUPP in each check identified below:

| Count | Date | Check |
|---|---|---|
| 35 | 2/28/2011 | $10,000 |
| 36 | 3/3/2011 | $9,000 |
| 37 | 7/10/2011 | $9,995 |

Each entry constituting a separate violation of Title 18, United States Code Section 666(a)(1)(A).

### COUNTS 38 THROUGH 46
### Wire Fraud
### 18 U.S.C. § 1343
### [CANUPP and DAVIS]

Paragraphs 1 through 18 of the Introduction are incorporated herein by reference.

On or about the dates set forth below, each date constituting a separate count of this Indictment, in the Eastern District of North Carolina and elsewhere, the defendants, WILLIAM ROBERT CANUPP and RONNIE L DAVIS, aiding and abetting each other and others both known and unknown to the Grand Jury, for the purpose of executing, and attempting to execute, the scheme and artifice to defraud, did cause to be transmitted in interstate commerce, by means of wire communications, certain signals, that is transmissions of documentation by RBC Bank, PNC Bank, and State Employees Credit Union to process checks written by RONNIE L DAVIS to WILLIAM ROBERT CANUPP and to effectuate the

13

transfer of money from DAVIS's account to be deposited into CANUPP's account at State Employee's Credit Union:

| Count | Date | Amount | Bank Funds are Drawn from |
|---|---|---|---|
| 38 | 4/4/2011 | $55,000 | RBC Bank |
| 39 | 6/6/2011 | $30,000 | RBC Bank |
| 40 | 7/11/2011 | $40,000 | RBC Bank |
| 41 | 11/3/2011 | $27,000 | RBC Bank |
| 42 | 1/20/2012 | $27,000 | RBC Bank |
| 43 | 4/18/2012 | $30,000 | RBC Bank |
| 44 | 7/9/2012 | $48,000 | PNC Bank |
| 45 | 12/21/2012 | $38,000 | PNC Bank |
| 46 | 4/24/2013 | $38,000 | PNC Bank |

Each entry constituting a separate violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT 47
### Engaging in Unlawful Monetary Transactions
### 18 U.S.C. § 1957
### [CANUPP Only]

Paragraphs 1 through 18 of the Introduction are incorporated herein by reference.

On or about July 1, 2011, in the Eastern District of North Carolina and elsewhere, defendant WILLIAM ROBERT CANUPP did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the purchase of a Southport 29TE Center Console boat for $80,158, using more than $50,000 of funds provided by Ronnie L Davis pursuant to the scheme

14

discussed above, such property having been derived from a specified unlawful activity, that is, Soliciting and Accepting Bribes and Theft from an Organization Receiving Federal Funds, in violation of Title 18, United States Code, Section 666, and Wire Fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1957.

**FORFEITURE NOTICE**

Defendants WILLIAM ROBERT CANUPP and RONNIE L DAVIS are given notice pursuant to Federal Rule of Criminal Procedure 32.2(a) that, under the provisions of 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(1), all of their interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses in Counts 1-47 of this Indictment, Defendants shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the offenses and, in addition, with respect to Count 47, all property involved in the violations stated therein, or proceeds traceable to that property. This includes but is not limited to $577,595 in United States Currency.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States,

16

pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendants up to the value of the above forfeitable property, including but not limited to real property located at 136 Red Barn Road, Hubert, North Carolina 28539, a 2009 Jeep Wrangler Unlimited, VIN number 1J4GA39169L761257, and a 2010 BMW 328I, VIN number WBAPH7G56ANM50402.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

_____
FOREPERSON

DATE: 5/24/16

JOHN STUART BRUCE
Acting United States Attorney

_David A. Bragdon_
BY: DAVID A. BRAGDON
Assistant United States Attorney